**FILED**

January 08, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NEFTALI VENTURA-LABRA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-25-CV-1600-OLG** |
| | § | |
| **KRISTI NOEM** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Neftali Ventura-Labra's Original Verified Petition for Writ

of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief

(Dkt. No. 1), to which Respondents have responded (Dkt. No. 9).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner

is a citizen of Mexico who entered the United States without inspection in 2011. *See* Dkt. Nos. 1

at 1; 9 at 2–3. This proceeding turns entirely on whether, as the Board of Immigration Appeals has

held, all those aliens who are applicants for admission by virtue of their being present in the United

States without having been admitted or paroled are subject to mandatory detention under

§ 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not,

Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, therefore,

entitled to a bond redetermination before an immigration judge. *See* Dkt. Nos. 1 at 2; 9 at 6.

Having already resolved this question against Respondents' position in other habeas cases,[1]

the Court required Respondents to consider its prior orders and identify in their response any

_____

[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus
(W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for
Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025); *see also Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG,
Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025).

material differences between the facts of this case and the facts presented in those cases. Dkt. No. 5 at 1. On December 23, 2025, Respondents advised that "[n]o material differences exist between these cases and the one presented before the Court." Dkt. No. 9 at 2.[2]

Accordingly, given the absence of any material difference between this case and *Mendoza Euceda* and *Rahimi*, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Neftali Ventura-Labra's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition (Dkt. No. 1) is **DENIED IN PART** to the extent that Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED**.

---

[2] Indeed, the Court notes that Respondents here cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4)—that the Court has already addressed and found to be inapplicable in cases like this one. *See* Dkt. No. 9 at 7–8; *Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.

It is so **ORDERED**.

**SIGNED** this ___6___ day of January, 2026.

ORLANDO L. GARCIA
United States District Judge

3